# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL CHERISE HAMLIN, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 11-706<br>Hon. Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 2nd day of June, 2011, upon consideration of Plaintiff April Cherise Hamlin's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff April Cherise Hamlin ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir.

1

2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

This Court's jurisdiction to review claims against the Social Security Administration ("SSA") relating to its administrative functions including its benefits determinations is limited by 42 U.S.C. § 405(g), which authorizes this Court to review only final decisions of the Commissioner issued after a hearing was held at the administrative level. *See* 42 U.S.C. § 405(g) ("[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action" in federal district court). Here, Plaintiff merely requests a Court Order compelling the SSA to make adjustments to her "file," including removing an individual purportedly listed as her father and adding certain individuals as "beneficiaries." (*See* Docket No. 1-1). She does not allege that she has made any requests directly to SSA for such adjustments or that SSA has issued a final decision regarding same. (*Id.*). Thus, to the extent Plaintiff's Complaint seeks relief under the Social Security laws, she has failed to establish the existence of federal jurisdiction and this Court is required to dismiss her Complaint, without prejudice. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In addition, Plaintiff's Complaint contains a single allegation that her "civil rights" are being violated by a number of private individuals, who are not named as defendants. (Docket No. 1-1). If actionable, such a claim would be properly brought under 42 U.S.C. § 1983, a federal statute, conferring subject matter jurisdiction under 28 U.S.C. § 1331. In order "to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir.

2005).  Here, Plaintiff has not identified any federal constitutional or statutory right which is allegedly being violated by Defendant in her Complaint.  (Docket No. 1-1).  Again, her Complaint contains no allegations that the SSA has acted in any manner.  (*Id.*).  The other individuals mentioned in her Complaint are not added as defendants to this case.  (*Id.*).  They are also private individuals who are not "state actors" subject to suit under § 1983.  *See Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir.1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)) ("A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state."). Therefore, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and her claim is subject to dismissal.  *See Leshko*, 423 F.3d at 339.

For these reasons, Plaintiff has failed to meet her burden to establish subject matter jurisdiction and has otherwise failed to state a claim upon which relief can be granted under § 1983.  Therefore, Plaintiff's Complaint is DISMISSED, without prejudice.  The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:   April Cherise Hamlin, *pro se*
      P.O. Box 334
      Pittsburgh, PA 15230-0334
      (regular and certified mail)